UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LORRIE ZACHARY                          CIVIL ACTION

v.                                      NO. 09-868

MACY'S RETAIL HOLDINGS, INC.            SECTION "F"

ORDER AND REASONS

Before the Court is Macy's motion for summary judgment.  For the reasons that follow, the defendant's motion is DENIED.

Background

While walking down the main shopping aisle of Macy's department store on May 10, 2009, Lorrie Zachary slipped in a puddle of clear liquid and wet brown paper towels and fell, injuring her knee, her lumbar spine, and her cervical spine.

Ms. Zachary sued Macy's in state court for negligence.  On October 9, 2009, Macy's removed the suit to the Middle District of Louisiana, invoking the Court's diversity jurisdiction[1].  Ms. Zachary asserts that Macy's had actual or constructive notice of the hazard created by the clear liquid and paper towels.  Ms. Zachary admitted in her deposition that she did not know how long the clear liquid or the paper towels had been on the floor before she fell, or if a Macy's employee either caused or was aware of the fact that the clear liquid and paper towels were on the floor

---

[1] This is one of the several cases that has been re-assigned from the Middle District to this Court.

1

before she fell.

Macy's now seeks summary relief on this at best incomplete record on the ground that Ms. Zachary has produced no evidence establishing the defendant's liability under Louisiana law.

## I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of her case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving

2

party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, she must come forward with competent evidence, such as affidavits or depositions, to buttress her claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party.  Anderson, 477 U.S. at 255.

II. Plaintiff's Burden on Merchant Liability

La.R.S. 9:2800.6 establishes the plaintiff's burden of proof in slip-and-fall claims against merchants:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition.  This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> > (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> > (2) The merchant either created or had actual or constructive notice of the

3

> > condition which caused the damage, prior to the occurrence.
> > (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove exercise of reasonable care.
>
> > C. Definitions
>
> > (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
>
> ...
> (emphasis added).

The Louisiana Supreme Court has interpreted this statute to require the plaintiff to prove the existence of the condition or hazard for some period of time before the fall. See White v. Wal-Mart Stores, Inc., 699 So.2d 1081 (La. 1997); see also Courville v. Target Corporation of Minnesota, 232 Fed.Appx. 389, 2007 WL 1170859, at *2 (5th Cir. April 17, 2007). If the plaintiff fails to prove that the condition existed for some time before the fall, "[t]he statute does not allow for the inference of constructive notice." See White, 699 So.2d at 1084. "Though the time period need not be specific in minutes or hours," the Louisiana Supreme Court has instructed, the requirement that "the claimant prove the

4

condition existed for some time period prior to the fall" imposes a temporal element. Id. at 1084-85.  This temporal component -- whether the time period is lengthy enough that a merchant, exercising reasonable care, would have or should have discovered the hazard -- is patently a question of fact, proof of which is a burden plaintiffs must bear.  Id. at 1084.  The plaintiff must make a "positive showing" of the existence of the condition for some period of time prior to the fall.  See Babin v. Winn-Dixie Louisiana, Inc., 764 So.2d 37, 40 (La. 2000).

III.

The dispute here is whether the plaintiff has raised a fact issue regarding whether the spill on the floor existed for a period of time sufficient to advance constructive notice.  Invoking the statutory definition of constructive notice, the defendant points to the lack of direct factual evidence supporting the temporal element of the plaintiff's case, insisting that the plaintiff cannot prove that the condition existed for such a period of time that it would have been discovered if Macy's had exercised reasonable care. La.R.S. 9:2800.6C(1).  The Court disagrees.  The plaintiff has made a positive showing that the hazard was on the floor for some period of time before she fell.  The question of whether the amount of time was sufficient to constitute constructive notice to the defendant is a fact question properly reserved for the jury.  See White, 699 So.2d at 1084.

The plaintiff notes that the paper towels were placed on the clear liquid by an unknown person before she encountered the spill. The plaintiff submits that the person who placed the paper towels over the spilled liquid had to have been either a patron or a Macy's employee.  The Court agrees.  If this unknown person was a Macy's employee, then Macy's had actual notice of the hazard and whether Macy's exercised reasonable care in responding to the condition is a question of fact.  See Bagley v. Albertsons, Inc., 492 F.3d 328, 331 (5th Cir. 2007); see also Davenport v. Albertson's, Inc., 774 So.2d 340, 345 (La. Ct. App. 2000).  If the person who covered the spill with paper towels was a patron, then the plaintiff must show that the hazard existed for some time before she fell.  See White, 699 So.2d at 1084.  The plaintiff has met her burden.

The Court may consider circumstantial evidence when determining whether the temporal element of the statute is satisfied.  See Broussard v. Wal-Mart Stores, Inc., 741 So.2d 65, 70 (La. Ct. App. 1999).  While the plaintiff has not provided direct evidence of the length of time for which the hazard existed prior to her fall, the circumstantial evidence in this case at least rationally points to the possibility that the hazard existed for some time before the plaintiff encountered it.

Two Macy's employees testified that the kind of brown paper towels depicted in the photographs of the accident scene are the

same type that Macy's stocks in its bathrooms.  The plaintiff has presented evidence demonstrating that the closest restroom from which a patron could have obtained the paper towels was approximately 115 yards from the location of the spill.  Examining the evidence in the light most favorable to the plaintiff, the Court must assume that the unknown person vacated the area before Ms. Zachary arrived. See Anderson, 477 U.S. at 255.

To emphasize, whether the period of time was sufficient to create constructive notice is a factual question reserved for the jury. See White, 699 So.2d at 1084.  As such, a genuine issue of material fact exists in this case, making summary judgment most inappropriate.

Accordingly, the defendant's motion for summary judgment is hereby DENIED without prejudice.[2]

New Orleans, Louisiana, June 2, 2010

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

_____

[2]Defendant noted in its reply papers that it objected, based on Federal Rule of Civil Procedure 34, to Plaintiff's counsel's unaccompanied inspection of the Macy's store in which the incident occurred.  The Court has not been asked to discount or ignore the evidence obtained by the plaintiff during this inspection, and thus has not done so.  Moreover, the defendant has not cited any authority mandating that evidence obtained through the kind of inspection conducted by Mr. Fry should be ignored, or that sanctions should be imposed for conducting such inspections.